a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

MARCUS ANTONIO MARTIN,                  CIVIL DOCKET NO. 1:20-CV-079-P
Petitioner

VERSUS                                  JUDGE DRELL

CHRIS McCONNELL,                        MAGISTRATE JUDGE PEREZ-MONTES
Respondent

---

## REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1) filed by *pro se* Petitioner Marcus Antonio Martin ("Martin") (#38109-007). Martin is an inmate in the custody of the Federal Bureau of Prisons ("BOP"), incarcerated at the United States Penitentiary in Pollock, Louisiana. Martin challenges his conviction in the Superior Court of the District of Columbia.

Because this Court lacks jurisdiction over Martin's claims, his Petition (ECF No. 1) should be DISMISSED, WITH PREJUDICE as to the jurisdictional issue, and WITHOUT PREJUDICE as to the merits.

I.    Background

Martin alleges that he was convicted of conspiracy to commit murder, first-degree murder while armed, possession of a firearm during a crime of violence, and carrying a pistol without a license, all in violation of the laws of the District of Columbia. ECF No. 7 at 1-2. Martin was sentenced to 624 months of imprisonment. *See id.*

Martin challenges the legality of his conviction. Although his Petition and "Memorandum of Facts" are largely incoherent, Martin seems to claim that the Superior Court of the District of Columbia lacked subject-matter jurisdiction to convict him because he is a trustee, copyrighted entity, "flesh-and-blood man," and private property under the Uniform Commercial Code ("UCC"). ECF Nos. 1, 7. Specifically, Martin alleges that he is a "Trustee/Secured Party/Bailee and occupant of the Executive Office on behalf of the ENS LEGIS MARCUS ANTONIO MARTIN © which is trust property." ECF No. 1 at 2, No. 7 at 3, 7.

## II. Law and Analysis

Habeas corpus petitions filed pursuant to § 2241 generally challenge the manner in which a sentence is executed. *See Reyes–Requena v. United States*, 243 F.3d 893, 900–01 (5th Cir. 2001) (citing *Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000)). On the other hand, a motion to vacate filed pursuant to 28 U.S.C. § 2255 or its District of Columbia equivalent, D.C. Code § 23–110, allows BOP inmates to collaterally attack the legality of their convictions or sentences. *See Dockery v. Warden, U.S. Penitentiary, Pollock*, 08-CV-0958, 2008 WL 5581993, at *2 (W.D. La. Dec. 23, 2008), *subsequently aff'd sub nom. Dockery v. Driver*, 364 F. App'x 88 (5th Cir. 2010); *Cox v. Warden, Fed. Pet. Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990).

D.C. Code § 23–110(g) provides: "An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section shall not be entertained by the Superior Court or by any Federal or State court if it appears that the applicant has failed to make a motion for relief under this

2

section or that the Superior Court has denied him relief, unless it also appears that

the remedy by motion is inadequate or ineffective to test the legality of his detention."

D.C. Code § 23-110.  This provision is virtually identical to 28 U.S.C. § 2255(e)[1].

Thus, both § 2255 and its D.C. equivalent provide a "savings clause."  Both

statutes state that a district court in the place of incarceration may address the

merits of a claim about a conviction or sentence under its § 2241 jurisdiction, but only

if the petitioner makes a threshold showing that the remedy by collateral attack (§

2255 or D.C. Code § 23–110) is "inadequate or ineffective to test the legality of his

detention." *Dockery*, 2008 WL 5581993 at *2 (citing 28 U.S.C. § 2255; D.C. Code §

23–110(g)).

Martin seeks to collaterally attack his District of Columbia convictions.

Therefore, his claim must ordinarily be raised in a § 23-110 Motion.  *See Dockery*,

364 F. App'x at 89 (primary method of collaterally challenging a conviction and

sentence entered in the Superior Court of the District of Columbia is the filing of a §

23–110 motion in that court) (citing *Blair–Bey v. Quick*, 151 F.3d 1036, 1042 (D.C.

Cir. 1998)).  Martin may only use § 2241 to challenge the legality of his conviction if

he satisfies the § 23–110 "savings clause." *Id.* (citing D.C. Code § 23–110(g); *Garris*

*v. Lindsay*, 794 F.2d 722, 726 (D.C. Cir. 1986); *Toliver v. Dobre*, 211 F.3d 876, 878

(5th Cir. 2000)).

---

[1] Section 2255(e) states: "An application for a writ of habeas corpus in behalf of a prisoner
who is authorized to apply for relief by motion pursuant to this section, shall not be
entertained if it appears that the applicant has failed to apply for relief, by motion, to the
court which sentenced him, or that such court has denied him relief, unless it also appears
that the remedy by motion is inadequate or ineffective to test the legality of his detention."
28 U.S.C. § 2255.

A prisoner seeking such relief under the "savings clause" must establish that: (1) his claim is based on a retroactively applicable Supreme Court decision which establishes that he may have been convicted of a nonexistent offense; and (2) his claim was foreclosed by circuit law at the time when the claim should have been raised in his trial, appeal, or first § 2255 or 23–110 motion. *Dockery*, 2008 WL 5581993 at *2 (citing *Reyes–Requena*, 243 F.3d at 904). A petitioner bears the burden of demonstrating that the § 2255 or 23–110 remedy is inadequate or ineffective. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001); *Pack v. Yusuff*, 218 F.3d 448, 452 (5th Cir. 2000).

Martin provides no allegations indicating that he can meet the "savings clause." It does not appear that he ever challenged his conviction in the District of Columbia courts. Moreover, habeas claims relying on the UCC and trust laws have been repeatedly rejected. *United States v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011) (individual is not beyond the jurisdiction of the courts despite claim he is a "sovereign citizen," a "secured-party creditor," or a "flesh-and-blood human being"); *Carter v. Wands*, 431 F. App'x 628, 629 (10th Cir. 2011) (UCC provides no basis to challenge conviction); *Dunham v. Davis*, 3:18-CV-0179, 2018 WL 3213241, at *1 (S.D. Tex. June 29, 2018) (rejecting "flesh-and-blood man" and "sovereign citizen" claims); *Berman v. Stephens*, 4:14-CV-860, 2015 WL 3622694, at *2 (N.D. Tex. June 10, 2015) (habeas petition relying on UCC is frivolous); *Wheeler v. Warden, Caldwell Corr. Ctr.*, 06-CV-1334, 2006 WL 2989253, at *3 (W.D. La. Aug. 22, 2006) (habeas claim based on UCC is frivolous).

### III.    Conclusion

Because this Court lacks jurisdiction over his claims, IT IS RECOMMENDED that Martin's Petition (ECF No. 1) be DISMISSED, WITH PREJUDICE as to the jurisdictional issue, and WITHOUT PREJUDICE as to the merits of Martin's claims.[2]

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), any party may serve and file with the Clerk of Court written objections to this Report and Recommendation within fourteen (14) days after being served with a copy thereof, unless an extension of time is granted under Fed. R. Civ. P. 6(b).  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  No other briefs (such as supplemental objections or reply briefs) may be filed, unless a party shows good cause and obtains leave of court.  The District Judge will consider timely objections before issuing a final ruling.

A party's failure to file written objections to the proposed factual findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days after being served with a copy thereof, or within any extension of time granted by the Court under Fed.R.Civ.P. 6(b), shall bar that party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

---

[2] *Pack*, 218 F.3d 448, 454 (5th Cir. 2000) ("Because the district court did not rule on the merits of Pack's claim, his petition should be dismissed with prejudice regarding the jurisdictional issue only, and dismissed *without prejudice* regarding all other issues."); *Rivera v. Edge*, 746 F. App'x 422, 423 (5th Cir. 2019) (unpublished) (modifying judgment to reflect dismissal was with prejudice as to the question of jurisdiction over the § 2241 petition and without prejudice as to all other issues).

THUS DONE AND SIGNED in Alexandria, Louisiana, on this 1st day of

April 2020.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE